UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ARTHUR A NELSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-00012-JRG-CLC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Presently before the Court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. 1] filed pro se by Arthur A. Nelson ("Petitioner"). The record indicates that Petitioner has paid the $5.00 filing fee. *See* 28 U.S.C. § 1914(a).

Petitioner is confined at McDowell County Federal Correctional Institution in Welch, West Virginia ("F.C.I. McDowell"), serving a sentence imposed in March 2007, by the United States District Court for the Eastern District of Tennessee in Greeneville for his conviction of "possession of a firearm and/or ammo by a felon and convicted felon in possession of a firearm and/or ammo" [Doc. 1 at 1]. Petitioner filed for this writ of habeas corpus claiming violations of his Eighth Amendment and due process rights for the denial of his requested transfer to a residence in Utah [Doc. 1]. Petitioner, however, cannot seek this redress through a writ of habeas corpus.

Typically, the writ of habeas corpus is used to free an inmate from unlawful custody. *Preiser v. Rodriguez,* 411 U.S. 475, 484–85 (1973). Courts have extended the writ, under certain circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement. *See United States v. Harris,* 12 F.3d 735, 736 (7th Cir.1994). In accordance with *Graham v. Broglin,* 922 F.2d 379 (7th Cir. 1991):

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation—then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law[.]

*Id.* at 381. Here, Petitioner is challenging only his location within the BOP system and this Court cannot provide the relief requested.[1] Accordingly, the Court finds it is without jurisdiction to consider Petitioner's application for a writ of habeas corpus, and this matter is **DISMISSED**.

So ordered.

ENTER:

                                                    s/J. RONNIE GREER
                                     UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that this Court previously addressed this same issue in Petitioner's criminal case (*United States of America v. Nelson*, 2:08-CR-60 (E.D. Tenn. June 25, 2009). In his previous criminal case, this Court dismissed Petitioner's pro se motion to transfer his supervision to Utah because such relief cannot be granted by this Court [*See Nelson*, 2:08-CR-60, Doc. 61].